**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4009**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRADLEY DEAN SHEETS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Jr., District Judge. (1:08-cr-00418-WO-1)

Submitted: October 19, 2010          Decided: October 26, 2010

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Carlyle Sherrill, III, SHERRILL & CAMERON, PLLC, Salisbury, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradley Dean Sheets was convicted following a jury trial for possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). At the conclusion of the Government's case, Sheets moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29. The district court denied the motion. Sheets also filed a post-trial motion for judgment of acquittal, which the district court denied. The district court sentenced Sheets to 235 months of imprisonment, the lowest point in the advisory guidelines range. Sheets appeals his conviction and sentence. Finding no reversible error, we affirm.

On appeal, Sheets argues that the district court erred in denying his Fed. R. Crim. P. 29 motions. We review the district court's ruling on a motion for judgment of acquittal de novo and "will uphold the verdict if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). We do not review the credibility of

witnesses, but consider "the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the prosecution." United States v. Smith, 451 F.3d 209, 217 (4th Cir. 2006).

The elements of a violation of § 922(g)(1) are: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce." United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995). Sheets stipulated to a qualifying prior conviction and that the firearm had traveled in and affected interstate commerce. Sheets argues that the evidence did not credibly establish that he possessed a firearm. According to the testimony and evidence presented at trial, a reasonable jury could have found that Sheets possessed a firearm. Substantial evidence supported the jury's verdict, and the district court did not err in denying the motions for judgment of acquittal. Consequently, we affirm Sheets' conviction.

Sheets also contends that his 235-month sentence is unconstitutional because the sentencing court treated the advisory guidelines as mandatory. We find the sentence reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007)

3

(review of sentence is for abuse of discretion). The record reveals that the district court specifically recognized the advisory nature of the sentencing guidelines. The court imposed a procedurally and substantively reasonable sentence at the lowest point of the advisory guidelines range as defense counsel requested. Accordingly, we affirm Sheets' sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED